HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID MURESAN,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF
SOCIAL AND HEALTH SERVICES –
ADULT PROTECTIVE SERVICES,

    Defendant.

CASE NO. C07-1783RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 18). For the reasons stated below, the court GRANTS the motion and dismisses this action without prejudice.

## II. BACKGROUND & DISCUSSION

Plaintiff David Muresan, proceeding in this action without an attorney, has named the Washington Department of Social and Health Services ("DSHS") and specifically DSHS's Adult Protective Services division as the sole Defendant in this action.

Mr. Muresan apparently operated an adult family home under a license from DSHS. In either 2003 or early 2004, DSHS found that Mr. Muresan neglected a vulnerable adult in his care. Mr. Muresan has challenged that finding repeatedly, first

ORDER – 1

before an administrative law judge in 2004, then before an administrative review judge, then before the King County Superior Court, and finally before the Washington Court of Appeals in 2006. Milstein Decl., Exs. 1-4. In each instance, DSHS's finding was upheld. *Id.*

Mr. Muresan now brings his dispute to federal court, in the guise of a claim against DSHS. Because Mr. Muresan is proceeding without an attorney, it is difficult to discern what basis he has for federal jurisdiction, what his claims are, or how this court can entertain a suit against DSHS when state courts have rejected Mr. Muresan's challenges.

Mr. Muresan's complaint is clear enough however, to unambiguously state that only DSHS is a Defendant. It is this fact that is fatal to his federal action.

The Eleventh Amendment prevents federal courts from entertaining suits by individuals against a state. U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). The Amendment's prohibition extends to federal suits against state agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Mr. Muresan has sued a state agency, and he has offered no evidence or argument that any recognized exception to Eleventh Amendment immunity applies here. Under these circumstances, the court must dismiss this action without considering its merits. *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999) ("The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity.").

ORDER – 2

The court's disposition of this action on Eleventh Amendment grounds makes it unnecessary to address DSHS's alternate challenge that Mr. Muresan did not properly serve it with the summons and complaint.

### III. CONCLUSION

For the reasons stated above, the court GRANTS Defendant's motion for summary judgment (Dkt. # 18). The court directs the clerk to enter judgment dismissing this action.

DATED this 5th day of August, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3